WR-83,044-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/23/2015 3:21:17 PM
Accepted 3/24/2015 2:47:40 PM
ABEL ACOSTA
CLERK

**Returnable to the Court of Criminal Appeals of Texas**

Wr_____

RECEIVED
COURT OF CRIMINAL APPEALS
3/24/2015
ABEL ACOSTA, CLERK

**In the 183rd District Court of Harris County, Texas
087941001010 - The State of Texas vs. GARCIA, RODRIGO
(Court 183)**

**WRIT COUNSEL'S MOTION TO THE COURT OF CRIMINAL APPEALS
FOR LEAVE TO SUPPLEMENT OR AMEND THE APPLICATION FOR
POST-CONVICTION WRIT OF HABEAS CORPUS, PURSUANT TO
TEX.CODE CRIM.P.art.11.07, AFTER TRANSCRIPTION OF
REPORTER'S NOTES (WRIT COUNSEL DID NOT TRY CASE. NO
APPEAL WAS TAKEN.)**
**\* \* \* \* \* \* \* \* \* \***

Larry Warner
Attorney at Law
3109 Banyan Circle
Harlingen, Tx 78550
Phone (956)230-0361
Fax (866) 408-1968
State Bar of Texas #20871500
email: office@larrywarner.com
website: larrywarner.com
Bd.Cert.Crim.Law, TBLS (1983)
Member of the Bar, Supreme
Court of the United
States(1984)
Attorney for Applicant

To the Honorable Presiding Judge and Associate Judges of the Court of Criminal Appeals of Texas:

Applicant presents this Writ Counsel's Motion to the Court of Criminal Appeals for Leave to Supplement or Amend the Application for Post-conviction Writ of Habeas Corpus, Pursuant to Tex.Code Crim.P.art.11.07, after Transcription of Reporter's Notes, as follows:

1. Applicant has filed an application for post-conviction writ of habeas corpus in the convicting court, the 183rd District Court of Harris County assailing the noted conviction. It is pending.

2. Applicant is seeking to have the reporter's notes transcribed.

3. Writ Counsel did not try the case.

4. There was no appeal, so there is no reporter's record, yet.

5. Applicant seeks the leave of the Court of Criminal Appeals to supplement or to amend his instated application once the reporter's record is complete.

6. This Court previously allowed litigants to file

"skeletal" applications when the Antiterrorism and Effective Death Penalty Act had just begun to come into force, so that the federal statute of limitations on filing federal "motions to vacate sentence" (habeas corpus) would be tolled. Subsequent amendments and supplements were allowed to those "skeletal" applications:

> "[T}his Court's order of April 22, 1997... gave him permission to file a skeletal application so that the time limits of the federal Antiterrorism and Effective Death Penalty Act could be tolled.*** His motion and our order contemplated that the skeletal application would be supplemented, and our order specified, "Any supplemented application shall be deemed an original, not a successor, application." **Ex ParteSmith**,977 S.W.2d610fn1(Tex.Crim.App.,EnBanc 1998)

7. Applicant simply cites **Smith** to show that this Court has indeed allowed supplementation of applications for post-conviction habeas corpus. There is no question here of the tolling of the federal statute of limitation on "motions to vacate sentence" . Applicant, however, does seek to avoid a claim of laches and files his application before the reporter's notes have been

transcribed.

The Court of Criminal Appeals should use its discretion to allow supplementation or amendment of the instant application for habeas corpus because the only difference between Smith's situation and Garcia's is that Smith knew exactly when time would run out and Garcia is left with the ephemeral uncertainty of laches and is thus impelled to file his application without the benefit of a reporter's record. See: "[T]he length of delay alone will not constitute either unreasonableness of delay or prejudice." **Ex Parte Carrio**, 992 S.W.2d 486, 488hn2(Tex.Crim.App.1999) And more immediately: **Ex Parte Perez**, 398 S.W.2d 206, 212hn5(Tex.Crim.App.203)[common law rather than federal standard of **Carrio** applies for laches]

### Conclusion and request for relief

The Court of Criminal Appeals should grant Applicant leave to supplement or to amend his Application once the reporter's record is prepared. Smith was allowed an opportunity to supplement a skeletal application to avoid

a statute of limitations. Garcia should be allowed to supplement or amend, since he has filed before the record is complete in order to avoid laches.

RESPECTFULLY SUBMITTED
MARCH 23, 2015

BY:

*/s/Larry Warner*
Larry Warner
Counsel for Defendant
3109 Banyan Circle
Harlingen, Texas  78550
Phone (956)230-0361
Fax   (866)408-1968
Email: **Office@larrywarner.com**
Website: www.larrywarner.com
Texas    Bar#20871500;USDC,SDTX
1230;  Member,  Bar  of  the
Supreme  Court  of  the  United
States (1984)
Board Certified, Criminal Law,
Texas    Board    of    Legal
Specialization(1983)

## Certificate of Service

I sent a true copy of this Motion for Leave to Use Civil Remedy in Habeas Corpus Proceeding and this Motion to Produce Reporter's Notes of Trial to the Harris County District Attorney Office at 1201 Franklin Street, Suite 600, Houston, Texas 77002-1923 by USPS on MARCH 23, 2015.

RESPECTFULLY SUBMITTED
MARCH 23, 2015

BY:

*/s/Larry Warner*
Larry Warner
Counsel for Rodrigo Garcia